### Singer Manufacturing Company v. John H. Hancock.

1. MALICIOUS PROSECUTIONS—*Authority of Agents.*—Authority to cause the arrest of a person who maliciously injures a machine, not in the presence of such agent, is not within the scope of an agent with authority to sell, lease and collect pay for machines, so as to render his principal liable in an action for malicious prosecution.

**Trespass on the Case,** for malicious prosecution. Appeal from the City Court of Alton; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the August term, 1897. Reversed. Opinion filed March 1, 1898.

WISE & McNULTY, attorneys for appellant.

Preston's authority as salesman or selling agent was in writing. Parol evidence was not admissible to vary or contradict. When the agency is created and conferred by a written instrument, the nature and extent of the authority must be ascertained from the instrument itself, and parol evidence is not admissible to vary or contradict it. Sturges v. Keith, 57 Ill. 451; Hartford Fire Ins. Co. v. Wilcox, 57 Ill. 180.

Preston having contracted to act only as salesman for the Singer Manufacturing Company—his powers being restricted to this by his written contract—there being no proof he ever did or could exercise any other powers, it follows, he had neither express or implied authority to cause

the arrest of Hancock, as his act was not the act of, and did not bind the company. Springfield E. & T. Co. v. Green, 25 Ill. App. 106; Cleveland C. Stove Co. v. Koch, 37 Ill. App. 595; Arasmith v. Temple, 11 Ill. App. 45; Newell on Malicious Prosecution, 225; Mali v. Lord, 100 Am. Dec. 448 and 39 N. Y. 381; Carter v. Howe Machine Co., 51 Md. 290; Allen v. London & S. W. Ry. Co., L. R., 6 Q. B. 65; Clark v. Starin, 47 Hun, 345; McSorley v. Mayor, etc., of City of St. John, 6 Sup. Canada Rep. 532; Porter v. Chicago, R. I. & P. R. R. Co., 41 Iowa, 360; Mulligan v. New York & R. B. R. R. Co., 129 N. Y. 506.

The mere fact he had power to sell, or that he was given possession of this machine to sell it, did not give him any express or implied authority to cause the arrest of Hancock. Springfield E. & T. Co. v. Green, 25 Ill. App. 106; Cleveland C. Stove Co. v. Koch, 37 Ill. App. 595; Mali v. Lord, 100 Am. Dec. 448; 39 N. Y. 381; Carter v. Howe Machine Co., 51 Md. 290.

John J. Brenholt, attorney for appellee.

Corporations may be held liable for torts involving a wrong intention, such as false imprisonment, and exemplary damages may be recovered against them for the wrongful acts of their agents and servants done in the course of their employment in all cases, and to the same extent that natural persons committing like wrongs would be held liable. Wheeler & Wilson Mfg. Co. v. Boyce, 36 Kans. 350; 59 Am. Rep. 571; Mechem on Agency, page 581, Sec. 741.

Mr. Justice Bigelow delivered the opinion of the Court.

This is an appeal from a judgment rendered on the verdict of a jury, in the City Court of Alton, for $1,500 damages, in favor of appellee and against appellant, for maliciously causing the arrest of appellee on a charge of malicious mischief. The warrant on which the arrest was made was issued by a justice of the peace of Madison county, on a complaint made by one Daniel Preston, who described himself therein as " agent for the Singer Mfg. Co."

Appellee was arrested on May 22, 1896, and immediately gave bail for his appearance on the 26th of the same month, and the cause was continued until the latter date at the request of the defendant, and on the day before the date to which the cause was continued, Preston had the case dismissed at his cost.

A number of objections were made by appellant to questions propounded by appellee's counsel to witnesses for appellee, which were overruled by the court, to which rulings appellant excepted, and assigns as error, with assignments of error for other causes which, in the view we take of the case, it is not necessary to notice.

That a complaint was made by Preston, a warrant issued on the complaint, and appellee was arrested on the warrant, is not contested by appellant; but what it contests, and the ground on which the judgment rests, is, the authority of Preston in causing the warrant to be issued and the arrest made in the manner in which it was. The contract of agency between appellant and Preston was in writing, and by it, Preston was employed by appellant to sell and lease sewing machines for a conditional weekly compensation, and a commission on the sales and leases made by him. It also provided that he " must not sign or use the name of the company in any way by which the public may be led to believe that it is responsible for his action, his power being simply to make sales or collections as directed. If at any time any special act is required of him, the power to perform the same will be specially given in writing."

There is no evidence in the record tending to show that he had, either in writing or otherwise, been given any authority, by appellant or any of its officers, to do any act for it, or that he ever in fact did any act for it, or in its name, except to sell and lease sewing machines and collect pay therefor. And there is no evidence tending to show a ratification by appellant of Preston's act in causing the arrest of appellee, but on the contrary, the evidence is clear that as soon as the officers of appellant were apprised of what had been done, they promptly disavowed the act, and

this, in our opinion, was the utmost that the law required it to do.

We are unable to see how the authority of an agent to sell and lease machines of any kind, and to collect pay therefor, can be construed to embrace within its scope, authority to cause the arrest of a person who maliciously injures a machine of his principal, out of the presence of such agent, and while he is doing no act in connection with it; and since we have not been referred to any authority sustaining such a rule, we can not believe any can be found. To adopt such a rule, would, in our opinion, not only be unwise, but it would also be against the already settled rule of construction.

This being all there is of the case, the judgment of the City Court of Alton is reversed without a remanding order.